# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE L. AARON, JR., | Case No. 1:10-cv-00178-AWI-SAB |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM |
| v. | |
| PHYSICIAN S. ABDOU, et al., | ECF NO. 5 |
| Defendants. | THIRTY DAY DEADLINE |

## I.

## INTRODUCTION

Plaintiff George L. Aaron, Jr. ("Plaintiff") is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on February 4, 2010. (ECF No. 1.) Plaintiff filed an amended complaint on March 10, 2010 after the original complaint was stricken by the Court because it was unsigned.[1] (ECF Nos. 4, 5.)

For the reasons set forth below, the Court dismisses Plaintiff's Amended Complaint for failure to state any claims. The Court grants Plaintiff leave to file a second amended complaint addressing the deficiencies identified in this order within **thirty (30) days**.

///

---

[1] To avoid any ambiguity, Plaintiff's March 10, 2010 pleading will be referred to and cited herein as the "Amended Complaint," although it is titled as "Complaint."

1

## II.

## SCREENING

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## III.

## COMPLAINT ALLEGATIONS

At the time of the events alleged in his complaint, Plaintiff was a state prisoner incarcerated at Avenal State Prison in Avenal, California.[2] Plaintiff names S. Abdou (physician),

---

[2] It is unclear whether Plaintiff is presently incarcerated, as the address provided to the Court appears to be a residential address. Moreover, Plaintiff alleged that he "is paroling in Jan. 2010." (Am. Compl. ¶ 11.)

2

P. Safi (physician), R. Smith (health care appeals coordinator)[3] and E. Greenman (chief medical officer) as defendants (collectively referred to as "Defendants").

Plaintiff alleges that sometime in or around April 2008, Plaintiff noticed blood in his stool. (Am. Compl. ¶ 1.) Plaintiff also experienced diarrhea, bloating, dehydration, frequent trips to the bathroom and abdominal pain. (Am. Compl. ¶ 1.) On December 29, 2008, Plaintiff asked Defendant S. Abdou for a "medical chrono" permitting Plaintiff to receive more toilet paper on "supply day." (Am. Compl. ¶ 6.) Plaintiff alleges that "[o]ne roll of tissue a week was seriously insufficient and could not support plaintiff's unusual increased [and] unpredictable trips to the toilet." (Am. Compl. ¶ 6.) Plaintiff alleges that Abdou "deliberately indifferently" denied Plaintiff's request and told Plaintiff that he could not help him by issuing a chrono for toilet supplies." (Am. Compl. ¶ 7.) As a result, Plaintiff "had to use other means of sanitation" when his toilet paper ran out, such as cleaning himself with water from the toilet, with newspaper, or with other paper products. (Am. Compl. ¶ 7.) Plaintiff alleges that these methods "exa[c]erbated plaintiff[']s medical condition, and caus[ed] plaintiff humiliation." (Am. Compl. ¶ 7.)

On February 23, 2009, Plaintiff was sent to a hospital outside the prison and received a colonoscopy. (Am. Compl. ¶ 2.) Plaintiff was diagnosed with "Ulcerative Colitis," which may lead to colon cancer and other complications. (Am. Compl. ¶ 3.) Plaintiff was prescribed "Mesalamine." (Am. Compl. ¶ 4.)

On or around April 9, 2009, Plaintiff informed Abdou that his prescribed medication was not working. (Am. Compl. ¶ 8.) Abdou ordered a stronger medication the same day, "Predinone." (Am. Compl. ¶ 8.) However, when Plaintiff received the Predinone, he only received a two day supply and afterwards was placed back on Mesalamine. (Am. Compl. ¶ 10.)

Plaintiff also alleges that the treatment plan for Ulcerative Colitis is to control inflammation with medication, "but that is only one prerequisite to the treatment plan, surgery

---

[3] It is unclear whether R. Smith was intended to be named as a defendant. Smith is not listed in Plaintiff's caption along with the other three defendants and is not listed in the allegations pertaining to the parties beginning on the first typed page of the Amended Complaint (pages 4 and 5 of the Amended Complaint as electronically docketed). Moreover, the Amended Complaint does not include any allegations specific to Smith. However, Smith is listed as a defendant on the third page of the form complaint, under "Additional defendants." (Am. Compl. 3.)

being the last resort." (Am. Compl. ¶ 12.) Plaintiff alleges that "CDCR will not, historically, perform surgery when the inmate has less than a year prior to the inmate's parole date." (Am. Compl. ¶ 13.) Plaintiff complains that Defendants refused to provide Plaintiff with his medical file, so Plaintiff can understand his treatment options. (Am. Compl. ¶ 14.) Plaintiff also alleges that he has no money or health insurance, "and if plaintiff needs surgery to remove[ a] portion of his intestine, he can not." (Am. Compl. ¶ 15.)

## IV.

## DISCUSSION

### A.    Eighth Amendment Deliberate Indifference Claims

Plaintiff raises claims under Section 1983 for violation of the Eighth Amendment's prohibition against cruel and unusual punishments. To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). A prisoner's claim does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). In order to find a prison official liable under the Eighth Amendment for denying humane conditions of confinement within a prison, the official must know "that inmates face a substantial risk of serious harm and disregard[] that risk by failing to take reasonable measures to abate it." Farmer v. Brennan, 511 U.S. 825, 847 (1994).

To maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show (1) a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain, and (2) a deliberately indifferent response by defendant. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). The deliberate indifference standard is met by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. Id.
///

Plaintiff fails to allege facts that support any cognizable claims under the Eighth Amendment. Plaintiff alleges that Abdou refused to provide Plaintiff with a medical chrono for extra toilet supplies. However, Plaintiff fails to allege any facts which plausibly support the conclusion that he was subjected to a substantial risk of serious harm due to the limited toilet supplies. Plaintiff vaguely alleges that his condition was exacerbated, but fails to allege any specific serious consequences or risks associated with the limited supply of toilet paper. Moreover, Plaintiff does not allege any facts which plausibly support the conclusion that Abdou was actually aware of any substantial risk of serious harm to Plaintiff. Notably, Abdou denied Plaintiff's request on December 29, 2008 and Plaintiff's condition was not diagnosed until February 23, 2009. Accordingly, the facts show that Abdou was not even aware of the exact nature of Plaintiff's condition.

Plaintiff also alleges that he was only given a two day supply of Predinone. However, Plaintiff does not allege any action or failure to act by the Defendants in this action which caused Plaintiff to receive a limited supply. Further, Plaintiff does not identify any substantial risk of serious harm because he was given Mesalamine instead of Predinone. Plaintiff does not allege any facts which plausibly support the conclusion that any of the Defendants in this action knew of any substantial risk of serious harm to Plaintiff.

Plaintiff further alleges that he was not given access to his medical records. Plaintiff fails to allege any facts that plausibly support the conclusion that this failure exposed Plaintiff to any risk of harm. Moreover, Plaintiff fails to allege that any of the Defendants in this action were responsible for providing Plaintiff with access to his medical records or was asked and refused to do so. Plaintiff fails to allege that any of the Defendants in this action were aware of any substantial risk of serious harm associated with Plaintiff's lack of access to his medical records.

Plaintiff alleges that "CDCR" failed to perform surgery on Plaintiff. However, Plaintiff fails to allege that the refusal to perform surgery was caused by any of the Defendants named in this action. Moreover, Plaintiff does not allege that he needed surgery at any point in time while in CDCR custody. Plaintiff only contends that surgery is a "last resort" and that he would not be able to afford surgery after he is released from prison. Such a risk of future harm is not

5

"substantial." Plaintiff fails to allege any facts that plausibly support the conclusion that any of the Defendants were actually aware of a specific and substantial risk of serious harm that required Plaintiff to receive surgery.

Finally, the Court notes that Plaintiff's Amended Complaint does not include any specific allegations regarding the involvement of Defendants Safi, Smith or Greenman. "In a § 1983 action, the plaintiff must . . . demonstrate that the defendant's conduct was the actionable cause of the claimed injury." Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008). "To meet this causation requirement, the plaintiff must establish both causation-in-fact and proximate causation." Id. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Plaintiff's Amended Complaint fails to establish any causal link between Safi/Smith/Greenman and any injury to Plaintiff.[4]

Accordingly, Plaintiff's Amended Complaint fails to state any cognizable claims under Section 1983.

## V.

## CONCLUSION AND ORDER

For the reasons stated, Plaintiff's complaint does not state a cognizable claim for relief for a violation of his constitutional rights. Plaintiff is granted leave to file an amended complaint within thirty days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. at 678. "The inquiry into causation must be individualized and focus on

---

[4] To the extent that Plaintiff attempted to establish supervisory liability or liability under the theory of respondeat superior, Plaintiff is advised that supervisory personnel are generally not liable under Section 1983 for the actions of their subordinates. Iqbal, 556 U.S. at 676. Plaintiff must allege facts that show how each defendant, through their own individual actions, violated the Constitution. Id.

the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;

2. Plaintiff's Amended Complaint, filed March 10, 2010, is dismissed for failure to state a claim upon which relief may be granted under Section 1983;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

4 If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **March 14, 2013**

UNITED STATES MAGISTRATE JUDGE